**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

QUENTIN La GRANDE,
                              Plaintiff,
                    v.                                    No. 07-CV-757
                                                            (LEK/DRH)
ALBANY POLICE DEPARTMENT, et al.,

                              Defendants.
_____

**APPEARANCES:**                          **OF COUNSEL:**

QUENTIN La GRANDE
Plaintiff Pro Se
276 Sheridan Avenue
Albany, New York 12210

JOHN J. REILLY, ESQ.                      ANDREW H. WOOD, ESQ.
City of Albany Corporation Counsel
Counsel for Defendants
Room 106
City Hall
24 Eagle Street
Albany, New York 12207

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER

        Plaintiff pro se Quentin La Grande ("La Grande") commenced this action on July 23,

2007 alleging that defendants violated his civil rights and seeking recovery under 42 U.S.C.

§ 1983.  Docket No. 1.  A conference pursuant to Fed. R. Civ. P. 16 was scheduled for July

8, 2008.  Docket No. 9.  La Grande failed to appear for that conference and an order was

entered directing La Grande to show cause why this case should not be dismissed for his

failure to prosecute "by sending a letter to this Court with a copy to opposing counsel stating

his intent to proceed with this action . . . ."  Docket No. 22 at 1-2.[1]  The order directed that

the letter be sent on or before August 1, 2008.  Id. at 2.  According to the return receipt, the

order was received by La Grande on July 12, 2008. Docket No. 23.  The Court has received

no letter from La Grande stating his intention to proceed with this case.

     Under Fed. R. Civ. P. 41(b), a court may dismiss an action for a plaintiff's sustained

failure to prosecute the action.  See West v. City of New York, 130 F.R.D. 522, 524

(S.D.N.Y. 1990); see also N.D.N.Y.L.R. 41.2(a) ("Whenever it appears that the plaintiff has

failed to prosecute an action or proceeding diligently, the assigned judge shall order it

dismissed. . . .").  In determining whether to dismiss an action on this ground, a court should

consider the duration of a plaintiff's failures, whether the plaintiff has received notice that

further delays would result in dismissal, whether the defendant was likely to be prejudiced

by further delay, a balancing of the court's need to alleviate calendar congestion with a

party's right to due process, and the efficacy of lesser sanctions.  See Patterson v.

Newspaper & Mail Deliverers' Union of N.Y. & Vicinity, 884 F. Supp. 869, 872 (S.D.N.Y.

1995); Stoenescu v. Jablonski, 162 F.R.D. 268, 270 (S.D.N.Y. 1995).

     Here, La Grande has had no communication concerning this case with either

defense counsel or the Court since he filed a second amended complaint on December 26,

2007, a period of over seven months.  See N.D.N.Y.L.R. 41.2(A) ("[T]he plaintiff's failure to

take action for four (4) months shall be presumptive evidence of lack of prosecution. . . .").

The duration of La Grande's inaction has thus raised a presumption that he has abandoned

---

[1]On May 12, 2008, Chief Judge Norman A. Mordue entered an order in another
case enjoining La Grande from filing any document pro se "in this District without prior
approval of the Chief Judge . . . ."  In re: Quentin La Grande, No. 1:04-CV-1020 (N.D.N.Y.
Docket No. 54).

prosecution of this case.

Plaintiff has also received notice that his failure to act could lead to dismissal of the action.  In the Order to Show Cause, La Grande was explicitly advised as follows:

> **PLAINTIFF QUENTIN LA GRANDE SHALL TAKE FURTHER NOTICE** that if he fails to submit such letter or to take other action indicating his intention to proceed with this case on or before **August 1, 2008**, this action may be dismissed, in which case plaintiff's right to proceed with the claims he asserts in this case will be terminated without a trial and he will be prohibited from ever bringing these claims in any court in the future.

Docket No. 22 at 2 (emphasis in original).

There is no evident prejudice to defendants at this stage.  However, plaintiff's failure to participate in the litigation of this action makes it impossible for the Court to manage its calendar of cases .  Finally, where, as here, a plaintiff declines to participate in an action or even to attend a scheduling conference or respond to an order to show cause, no sanction less than dismissal appears available to address this level of neglect.

Accordingly, because La Grande appears to have abandoned this action and because the factors to be considered in determining the appropriate sanction of La Grande's conduct weigh strongly in favor of dismissal, it is hereby

**RECOMMENDED** that this action be **DISMISSED** pursuant to Fed. R. Civ. P. 41(b); and

**IT IS ORDERED** that the Clerk shall serve a copy of this report-recommendation upon La Grande at the above-listed address by both regular mail and by certified mail, return receipt requested.

3

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT ON OR BEFORE <u>AUGUST 25, 2008</u>** (this constitutes an extension of the normal ten day period) **WILL PRECLUDE APPELLATE REVIEW.**  <u>Roldan v. Racette</u>, 984 F.2d 85, 89 (2d Cir. 1993); <u>Small v. Secretary of HHS</u>, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

**PLAINTIFF QUENTIN LaGRANDE SHALL TAKE NOTICE** that if he fails to respond to this report-recommendation within the time specified by filing objections, an order may be entered dismissing this action with prejudice, in which case his claims will be dismissed without trial or further proceedings and he will be barred from ever bringing these claims in the future in this or any other court.

Dated:  August 6, 2008
        Albany, New York

_David R. Homer_____

United States Magistrate Judge

4